

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
10/19/2011

| | | |
|---|---|---|
| IN RE: § | | |
| JEMA ENTERPRISES, LLC, § | Case No. 11-70218 | |
|     Debtor(s). § | | |
| § | Chapter 11 | |
| § | | |
| JEMA ENTERPRISES, LLC, *et al*, § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 11-07011 | |
| § | | |
| BORDER CAPITAL BANK, § | | |
|     Defendant(s). § | Judge Isgur | |

## MEMORANDUM OPINION

The Plaintiffs seek leave to amend their complaint and to add Security Land Title as a defendant. Although leave to amend should be freely given, the Court will not allow the Plaintiffs to plead futile causes of action. For the reasons detailed in this opinion, the Court grants leave to amend with respect to all claims except for the Home Equity Loan cause of action. The Court also grants leave to add Security Land Title as a defendant.

### Background

Jema Enterprises, LLC, Manual Ramirez, and Juana Ramirez (collectively "Jema") filed this adversary proceeding against Border Capital Bank on June 15, 2011. (ECF Doc. 1). Jema amended its complaint on June 22, 2011. On September 13, 2011, Jema filed a Motion for Leave to Amend Complaint Under 15(a) and to Join Additional Parties Under Rule 21. (ECF Doc. 20). Jema sought to add additional causes of action and two new defendants: Security Land Title, LLC and First American Title Insurance Company. (*Id.*). Border Capital argued leave to amend should be denied due to the futility of certain causes of action. (ECF Doc. 21).

On September 22, 2011, the Court ordered Jema to respond to Border Capital's futility arguments. (ECF Doc. 23).

Jema submitted an initial response on September 26, 2011. (ECF Doc. 22). Subsequently, Jema filed an additional Motion to Amend with a new Second Amended Complaint. (ECF Doc. 25 & 25-1). This new complaint reduced the total causes of action and added only one new defendant, Security Land Title. (*Id.*). Accompanying the new complaint was a new response to Border Capital's futility arguments.

## Analysis

Jema's Second Amended Complaint lists four causes of action: (1) Failure to Satisfy Texas's Requirements for Home Equity Loans (Border Capital only); (2) Declaratory Judgment regarding the validity of the liens; (3) Quiet Title/Remove Cloud on Title (Border Capital only); (4) Violations of the Deceptive Trade Practices Act (Security Land Title only). The Court grants Jema leave to amend with respect to all claims except for the Home Equity Loan cause of action. Border Capital put forth no convincing argument as to the futility of causes (2) or (3). The fourth cause of action is not against Border Capital. The Court also grants Jema leave to add Security Land Title as a defendant.

Allowing Jema to amend its complaint with regard to the Home Equity Loan cause of action would be futile. As argued by Border Capital, it is clear the statute of limitations has run. Jema argues the statute of limitations doesn't apply because: (1) plaintiffs didn't learn of the violations until they spoke with a lawyer and (2) because Border Capital fraudulently concealed relevant information and/or failed to disclose such information. (ECF Doc. 26 at 5). In short, Jema contends the "discovery rule" means the statue of limitations did not begin until (i) Jema consulted with counsel; and (ii) Border Capital affirmatively disclosed that its actions violated

the law. Neither argument has merit. The discovery rule concerns the discovery of new facts not previously known to the plaintiffs. It does not pertain to the sudden realization that previously known facts violated the law. Moreover, Jema offered no reason why Border Capital would have a duty to disclose a prior violation of the home equity laws. Jema provided no factual support for the claim Border Capital fraudulently concealed relevant information. At the hearing it became clear Jema was aware of all relevant facts. Jema was simply unaware of the law. The Court denies leave to amend to assert this futile cause of action.

The remaining the causes of action are not futile. Insomuch as leave to amend should be freely given, the Plaintiffs may amend to assert the balance of the causes of action.

## Conclusion

The Court will issue a separate order.

SIGNED **October 19, 2011.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE